FILED: 1/18/2023 3:45 PM
David Trantham
Denton County District Clerk
By: Guadalupe Avelino, Deputy

CAUSE NO. _____ 23-0470-393

| | | |
|---|---|---|
| **TED SAMUELSON AND** | § | **IN THE DISTRICT COURT** |
| **KAREN SAMUELSON** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **LIBERTY MUTUAL GROUP, INC.** | § | |
| **d/b/a STATE AUTO INSURANCE** | § | |
| **COMPANIES** | § | |
| *Defendant.* | § | **DENTON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

COME NOW Plaintiffs Ted Samuelson and Karen Samuelson (hereinafter referred to as "Plaintiffs") and file this their Original Petition complaining of Defendant Liberty Mutual Group, Inc., d/b/a State Auto Insurance Companies ("Defendant") and in support thereof would respectfully show unto the court the following:

### I.    Discovery Control Plan

1.    Discovery in the matter may be conducted under Level 1 pursuant to Tex. R. Civ. Proc. 190.2 expedited actions involving $250,000.00 or less and pursue expedited litigation pursuant to Tex. R. Civ. Proc. 169.

### II.    Tex. R. Civ. Proc. 47(c)  Claim for Relief

2.    Pursuant to Tex. R. Civ. Proc. 47(c) Plaintiff herein seeks monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### III.    Jurisdiction and Venue



3.      This claim arises under the common law of the state of Texas and the amount in controversy is within the jurisdictional limits of this Honorable Court.

4.      Venue is proper in Harris County, Texas pursuant to C.P.R.C. § 15.002 in that the event giving rise to the lawsuit occurred in Denton County, Texas and the property at issue is located in Denton County, Texas.

### IV.      Parties

5.      Plaintiffs Ted Samuelson and Karen Samuelson are individuals residing in Denton County, Texas.

6.      Defendant Liberty Mutual Group, Inc. is a domestic insurance company doing business in Texas.  It may be served with process by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### V.      Facts

7.      On or about February 29, 2020, Plaintiffs purchased a Homeowners Policy ("Policy") for their home located at 2833 Lake Crest Drive, Flower Mound, Texas 75022 ("Property"). The Policy Period began on March 1, 2020. That Policy was in full force and affect as of the date of loss, May 4, 2020.   The Policy issued by Defendant insures the Property against damages caused by hail, windstorm and other covered perils.

8.      On or about May 4, 2020, Plaintiffs' neighborhood was subjected to a hailstorm.

9.      The hailstorm caused damage to the roof of the Property and other exterior fixtures.

10.      Shortly after the hailstorm, the Plaintiffs filed a claim for the damages.

2



11.     On May 29, 2020, Defendant sent a "Declination of Coverage" letter to Plaintiffs stating that the damage occurred prior to March 1, 2020, which was the inception of Plaintiffs Policy.

12.     On November 10, 2021, Plaintiffs house was struck by another hailstorm, so Plaintiffs submitted another claim for the damages.

13.     On February 14, 2022, Defendant sent Plaintiffs a Declination Letter again claiming that there has not been a hail event at the Plaintiffs' house since the inception of the policy, on March 1, 2020, that is consistent with the damage that Plaintiffs' home suffered.

14.     On December 22, 2020, RSH Engineering, Inc. (hereinafter referred to as "RSH) performed a Residential Roof and Exterior Inspection on the Property.

15.     On February 2, 2021, RSH issued their report, where they determined that hail measuring from one to one and a quarter inch hit the Plaintiffs' home on May 4, 2020, which is large enough hail to cause the type of damage observed on Plaintiffs' Property.

16.     On June 17, 2022, pursuant to the notice provisions of 542A.003 of the Texas Insurance Code and § 17.50 of the Texas Deceptive Trade Practices Act, Plaintiffs sent a demand and notice to the Defendant detailing the entire claim.

17.     On July 15, 2022, after not receiving a response from Defendant regarding the notice and demand, Plaintiff resent the aforementioned notice and demand to Defendant.

18.     On September 20, 2022, the Plaintiff finally received an Acknowledgement Letter from Defendant regarding the notice and demand.

19.     Defendant breached its contractual obligations to Plaintiffs by continuing to deny Plaintiffs claims for the damage to the Property pursuant to the terms of the Policy and Defendant breached their contractual obligation of good faith and fair dealing, the Texas Insurance Code, and



the Texas Deceptive Trade Practices Act by misrepresenting that the damage to the Property did not occur during the Policy Period.

20.     Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery have been satisfied.

21.     Defendant continues to delay the payment of the damage to the Property.

22.     As a result of Defendant's wrongful acts and omissions, Plaintiffs have been forced to retain legal counsel to represent them with respect to these causes of action.

## VI.      Causes Of Action

23.     Plaintiffs re-allege and incorporate each allegation contained in Section V above. Petition as if fully set forth herein.

### A. Violations of Texas Insurance Code

**Unfair Settlement Practices**

24.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement practices. TEX. INS Code §541.060(a), all of which are actionable under TEX. INS. CODE §541.151.

25.     Defendant engaged in the following unfair settlement practices:

     a.  Pursuant to TEX. INS. CODE § 541.060 (a)(1), misrepresenting to Plaintiff material acts or Policy provisions relating to the coverage at issue by misrepresenting that the damage to the property did not occur during the Policy period.



4

b. Pursuant to TEX. INS. CODE § 541.060 (a)(2)(a), failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant knew or should have known of its liability to Plaintiff under the Policy.

c. Pursuant to TEX. INS. CODE § 541.060 (a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for the Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Defendant did not provide proof that the damage did not occur during the May 4, 2020 hailstorm.

d. Pursuant to TEX. INS. CODE § 541.060 (a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of storm that caused the damage to Plaintiff's Property.

26. Defendant knowingly and intentionally committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of TEX. INS. CODE § 541.002 (1) (formerly Art. 21.21 §2(c)).

**<u>Misrepresentation of Insurance Policy Violation</u>**

27. Defendant made misrepresentations about Plaintiffs' insurance policy in violation of TEX. INS. CODE § 541.061, all of which are actionable under TEX. INS. CODE §541.151.

28. Defendant engaged in the following deceptive insurance practices:

5



a. Making untrue statements of material fact in violation of §541.061(1). Specifically, Defendant misrepresented that the damage to Plaintiffs' Property occurred outside of the Policy period despite the existence of obvious and easily identifiable weather reports warranting the extension of coverage under the policy.

b. Failing to state material facts necessary to make other statements not misleading in violation of §541.061(2). Specifically, Defendant stated that there had not been a hail event at Plaintiffs' house since policy inception that is consistent with this type of damage but did not provide a weather report or state how large of hail would warrant such damage.

c. Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact in violation of §541.061(3).

d. Making material misstatement of law in violation of §541.061(4). In their May 29, 2020, Declination of Coverage letter Defendant stated that an action against the Defendant must be started within two years after the date of loss. However, under §541.162(a) an action can be brought before the second anniversary of the date the unfair or deceptive act occurred, or the date the person discovered or, by the exercise of reasonable diligence, should have discovered that the unfair or deceptive act or practice occurred.

29. Plaintiff gave Defendant proper notice of the claim under the insurance policy issued by Defendant.

30. Defendant violated Texas Prompt Payment of Claims Statute, made actionable by TEX. INS. CODE §542.060.



31.     Specifically, Defendant violated TEX. INS. CODE §542 by denying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Plaintiff has still not received payment of the amount owed on the Claim.

### Breach of Duty of Good Faith and Fair Dealing

32.     Defendant, as Plaintiff's Property insurer, had a duty to deal fairly and in good faith with them in the processing of Plaintiffs' Property damage claim.  Defendant breached this duty by refusing to properly investigate, improperly denying benefits, looking for excuses to deny benefits and refusing to pay benefits timely and taking actions contrary to its duties under the Texas Insurance Code.  Defendant knew or should have known that there was no reasonable basis for denying or delaying Plaintiffs' required benefits.  As a result of Defendant's breach of these legal duties, Plaintiffs suffered legal damages.

33.     Defendant also acted in an unconscionable, intentional and/or knowing manner, as that term is legally defined.

### Breach of Contract

34.     Defendant insured the Plaintiffs roof when the policy was purchased and therefore has a contractual obligation to pay Plaintiff replacement value for the damage incurred from hailstorm that is made the basis of this suit pursuant to Plaintiff's policy.  Despite demand, Defendant has deliberately and intentionally failed to comply with the contract between the parties and is therefore liable for breach of contract.

### Violation of the Texas Deceptive Trade Practices Act §17.50 Relief for Consumer



35.     Section 17.50(a)(4) specifically provides that a violation of the Texas Insurance Code is also a violation of the Texas Deceptive Trade Practices Act. Also, §17.43 Texas Deceptive Trade Practices Act provides that the remedies provided are cumulative of any other remedies.

36.     Defendant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & COM. CODE 17.41-63

37.     Plaintiffs have met all conditions precedent to bring the cause of action against Defendant. Specifically, State Farm's violations of DTPA include, without limitation:

    **a.** By its acts, omissions and failures, violations of sections 17.46 (2),(5),(7),(9),(12),(20), and (24) of the DTPA the DTPA, including, unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, failure to give Plaintiffs the benefit of the doubt and failure to pay for the proper repair of Plaintiffs' property when the liability has become reasonably clear giving Plaintiffs a right to recover under section 17.46(b)(2).

    **b.** Defendant represents to Plaintiffs that the Policy, adjusting agent and policy services had characteristics or benefits they did not possess, which gives Plaintiffs a right to recover under Section 17.46(b)(5) of the DTPA.

    **c.** Defendant also represented to Plaintiffs that the Policy and adjusting services were of a particular standard, quality or grade, when they were not, in violation of section 17.46(b)(7) of the DTPA.

    **d.** Defendant advertised their policy and services with the intent to sell them, not as advertised, in violation of section 17.46(b)(9) of the DTPA.



 **e.**  Defendant breached the express warranty that the damages caused by wind and hail would be covered under the Policy, entitling Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

 **f.**  Defendant acted unconscionably by taking advantage of Plaintiffs lack of knowledge, ability and experience to a grossly unfair degree, giving Plaintiffs a right to relief under 17.50(a0(3) of the DTPA

 **g.**  All of the conduct, acts, omissions and failures described herein are unfair practices in the business of insurance and therefore a violation of section 17.50(a)(4) of the DTPA.

38.  All of the acts, omission and failures by State Auto are a producing cause of Plaintiffs damages and were committed "knowingly" and "intentionally" as defined by the DTPA.

## VII. Damages

39.  Plaintiff respectfully incorporates the factual allegations made in paragraph V and VI into each damage claim asserted herein as if set out word for word therein.

40.  Plaintiffs' damages have not been repaired since the incident causing further damage to the Property and causing an undue burden to Plaintiffs

41.  For Non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits including the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorneys' fees. For Defendants knowing conduct in violating these



laws, Plaintiff respectfully would request treble damages pursuant to TEX. INS. CODE §541.152 and TEX. BUS & COM. CODE 17.50(b)(1).

42.    Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claims, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney fees.

43.    For Breach of common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all damages from the loss, exemplary damages and damages for emotional distress.

44.    Finally, the Plaintiffs plead for the recovery of court costs and reasonable and necessary attorney necessary to prosecute this claim, pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA. The fees which are set out in **Exhibit** encompass all legal work through the date of filing this Plaintiffs' Original Petition.

45.    Plaintiffs are entitled to recover actual damages and exemplary from Defendant, together with prejudgment interest pursuant to Texas Finance Code Ann. § 304.102 and post judgment interest pursuant to Texas Finance Code Ann. § 304.005(a).

46.    Pursuant to Rule 47 of Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $250,000 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.

### VIII.   Jury Demand

47.    Plaintiff hereby demands a trial by jury.

10



**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully requests that the Court enter final judgment in Plaintiffs' favor for actual and punitive damages, for court costs, attorney fees, statutory interest, as well as prejudgment and post judgment interest, and court costs as provided by law, and such other and further relief, both at law and in equity, which the Court may deem appropriate under the circumstances.

Respectfully submitted,

**KIRK LAW FIRM, PLLC**

By:/s/ Gareth Kirk_____
GARETH KIRK
SBN: 24117970
440 Louisiana Street, Suite 2425
Houston, Texas 77002
713/651-0050
713/651-0051- fax
gkirk@kirklawfirm.com
Service email: eservice@kirklawfirm.com
**ATTORNEY FOR PLAINTIFFS**



## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2023 a true and correct copy has been served on all counsel of record, together with this Certificate of Service and the original was promptly filed with the District Clerk's office of Harris County, Texas.


/s/Gareth Kirk
GARETH KIRK



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erin Pierce on behalf of Gareth Kirk
Bar No. 24117970
epierce@kirklawfirm.com
Envelope ID: 71913050
Status as of 1/19/2023 8:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Pierce | | epierce@kirklawfirm.com | 1/18/2023 3:45:12 PM | SENT |
| Gareth Kirk | | gkirk@kirklawfirm.com | 1/18/2023 3:45:12 PM | SENT |
| Kirk Law Firm | | eservice@kirklawfirm.com | 1/18/2023 3:45:12 PM | SENT |



## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| --- |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____  **CURRENT COURT:** Denton County Judicial District Court

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition

**FILE DATE OF MOTION:** January 18, 2023

Month/      Day/      Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: Liberty Mutual Group, Inc. D/B/A State Auto Insurance Companies

   ADDRESS: 211 E. 7th Street, Suite 620, Austin, Texas 78701

   AGENT, *(if applicable)*: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** _____

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [x] **OTHER,** *explain*  email citation to epierce@kirklawfirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, *(if applicable)*: _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** _____

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: _____    Phone: _____
- [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Gareth Kirk                                TEXAS BAR NO./ID NO. 24117970

MAILING ADDRESS: 440 Louisiana Street, Suite 2425, Houston, Texas 77002

PHONE NUMBER: 713     651-0050              FAX NUMBER: 713     651-0051
            area code   phone number                           area code   fax number

EMAIL ADDRESS: eservice@kirklawfirm.com



Page 1 of 2

CIV/C100 Revised 9/2/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION


COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
ORDER TO: _____
                        (specify)

MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
2/10/2023
Date
By: _____
Deputy Clerk